# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| CHARLENE REECE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:09-CV-148 CAS ) |
| MICHAEL SUTTON, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter if before the Court in plaintiff Charlene Reece's motion to remand this cause of action to State Court. Defendant opposes the motion, and filed an opposition memorandum. Plaintiff failed to file a reply and the time to do so has expired. Therefore, the dispute is ripe for review. For the following reasons, the Court will deny plaintiff's motion to remand.

### *Background*

On September 10, 2009, plaintiff filed a two-page petition against defendant Michael Sutton in the Circuit Court of New Madrid County, Missouri. In her two-count petition for malicious prosecution and slander, plaintiff alleges defendant "initiated and instigated a criminal investigation and prosecution of plaintiff, which was dismissed." She alleges there was no probable cause for the suit, and that it was motivated by malice, ill will or prejudice. Plaintiff further alleges defendant told her co-workers at the Malden Post Office that she had misappropriated money, and that "plaintiff was in a conspiracy to ruin his career." She also alleges defendants told an employee that she was a physical threat to other people.

On October 15, 2009, defendant Michael Sutton, an employee of the United States Postal Service, removed the above-caption cause of action to this Court. Defendant filed his notice of removal pursuant to 28 U.S.C. § 1442, which provides:

> A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> > (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

28 U.S.C. § 1442(a)(1). Attached to the notice of removal was a Certification of Scope of Employment made pursuant to 28 U.S.C. § 2679 (d). The certification states that defendant Sutton was acting within the scope of federal employment at the time of the alleged incidents in the petition. Defendant alleges in his notice of removal that the suit is covered y the Federal Torts Claim Act ("FTCA"), and that the United States is the only proper party defendant.

In response to the notice of removal, plaintiff filed a motion to remand, which is presently before the Court. In support of remand to state court, plaintiff argues federal question jurisdiction and diversity jurisdiction do not lie in this case because plaintiff has brought only state law claims, and there are no allegations in the petition that defendant was acting in the course of his employment or on behalf of the United States. Therefore, according to plaintiff, this case is not removable under 28 U.S.C. § 1442(a)(1).

*Discussion*

In 1988, Congress amended the FTCA to provide that an action against the United States is the only remedy for injuries caused by federal employees acting within the scope of their employment. See 28 U.S.C. § 2679(d)(1); see also Brown v. Armstrong, 949 F.2d 1007, 1013 (8th Cir. 1991). When a federal employee is sued in a state court, the Attorney General is to review the case to determine if the employee was acting within the scope of his or her employment when he or she engaged in the allegedly harmful conduct. 28 U.S.C. § 2679(d)(1). If the Attorney General determines that the defendant employee was acting within the scope of his or her employment, the case "shall be removed" to the United States District Court where the action is pending. § 2679(d)(1); see also Gutierrez de Martinez v. Lamagno, 115 S. Ct. 2227, 2236 (1995); Anthony v. Runyon, 76 F.3d 210, 213 (8th Cir. 1996); Henton v. Anderson, 75 F.3d 357, 359-60 (8th Cir. 1996); Forrest City Mach. Works, Inc. v. United States, 953 F.2d 1086 (8th Cir. 1992). The statute further provides that any such action "shall be deemed" to be an action against the United States, which "shall be substituted as the party defendant." § 2679(d)(1).

Here, the United States Attorney, who is a designate of the Attorney General, filed a certification that defendant Michael Sutton was acting in the course and scope of his federal employment at the time of the incidences alleged in plaintiff's petition. This certification is treated as prima facie evidence that the employee was acting within the scope and course of his employment. See Gutierrez de Martinez, 115 S. Ct. at 2236; Anthony, 76 F.3d at 213; Brown, 949 F.2d at 1012. Following the filing of a certification, the burden shifts to plaintiff, who must come forward "with specific facts rebutting the government's scope of employment certification." Here, Plaintiff has not come forward with any such evidence. Forrest City Mach. Works, Inc.,953 F.2d at 1088. As such,

3

defendant Michael Sutton is entitled to immunity with regard to plaintiff's state law tort claims, and § 2679 requires that the case be heard in federal court, and that the United States be substituted as the party defendant in place of Michael Sutton.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Charlene Reece's motion to remand is **DENIED.** [Doc. 4]

**IT IS FURTHER ORDERED** that the Clerk of Court shall substitute the United States of America for defendant Michael Sutton, and the caption of the case shall be <u>Charlene Reese v. United Sates of America</u>.

**IT IS FURTHERED ORDERED** that defendant United States of America shall answer or otherwise respond to plaintiff's complaint within thirty (30) days of the date of this Memorandum and Order.

 

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this __4th__ day of May, 2010.